748 P.2d 414

**Dennis A. LINDQUIST, Plaintiff–Appellant,**

v.

**ALBERTSONS, INC., a Delaware corporation, Defendant–Respondent.**

**No. 16803.**

Court of Appeals of Idaho.

Dec. 31, 1987.

Anthony C. Anegon, Aherin, Rice & Brown, Lewiston, for plaintiff-appellant.

Joel E. Tingey (argued), and Michael G. Brady, Brady, Saetrum, Tingey, Day & Joyce, Chtd., Boise, for defendant-respondent.

WALTERS, Chief Judge.

This is an appeal from a summary judgment in favor of the defendant, Albertsons, in an action for damages for personal injury. The appellant, Dennis Lindquist, was injured when he fell into an uncovered ventilation shaft on Albertsons' property. The district court held that Albertsons did not

breach any duty owed to Lindquist, a trespasser, and that Albertsons was not liable for any injuries sustained by Lindquist. We affirm.

The facts are undisputed. After sunset on an evening in late November, 1984, Dennis Lindquist left a Safeway store in Lewiston with some groceries he had purchased. Walking to his home, Lindquist took a short-cut behind an unused building (formerly a store) belonging to Albertsons. While on the Albertsons' property, Lindquist decided to relieve his bladder. As Lindquist made his way past an open loading dock and walked between the loading dock and the south wall of the Albertsons' building, Lindquist fell into an uncovered ventilation shaft. Lindquist was severely injured as a result of the fall.

Lindquist presents three issues in this appeal. First, did the district court err by holding that Lindquist was a trespasser as a matter of law? Next, did the district court err in holding that Albertsons breached no duty owed to Lindquist? Finally, should the traditional distinctions between invitees, licensees and trespassers as a basis for liability be eliminated in favor of a general standard in Idaho applicable to all persons who are injured on another's property?

I

We address first the court's decision that Lindquist was a trespasser while on the Albertsons' property. In determining Lindquist's status, we look to the general definition adopted in Idaho. Our Supreme Court, in *Bicandi v. Boise Payette Lumber Co.*, 55 Idaho 543, 44 P.2d 1103 (1935), held:

> Anyone who goes upon the private property of another without lawful authority or without permission or invitation, express or implied, is a trespasser to whom the landowner owes no legal duty until his presence is discovered. [The landowner] is only required to refrain from wanton or wilful acts which occasion injury.

*Id.* at 552, 44 P.2d at 1112 (*quoting Fusselman v. Yellowstone Valley Land & Irri-*

*gation Co.*, 53 Mont. 254, 163 P. 473, 474 (1917)).

The evidence presented to the district court established that the Albertsons' store on the property had been closed for approximately fifteen months prior to Lindquist's injury. There is nothing in the record to indicate that Albertsons extended permission or authority for any person to traverse the property. The definition in *Bicandi* is still accepted today. *See Huyck v. Hecla Mining Company*, 101 Idaho 299, 301, 612 P.2d 142, 144 (1980). Applying the *Bicandi* definition, we hold the district court correctly determined that Lindquist was a trespasser as a matter of law.

II

As noted in *Bicandi*, Albertsons owed a duty to Lindquist "to refrain from wanton or wilful acts which occasion injury." There was no affirmative showing by Lindquist that a grate, intended to cover the ventilation shaft, had been removed by Albertsons' agents or employees or that Albertsons had knowledge of the removal of the grate. Lindquist contends that there can be wilful and wanton circumstances existing in certain circumstances, citing *Ellis v. Ashton & St. Anthony Power Co.*, 41 Idaho 106, 238 P. 517 (1925) (trespassing child electrocuted on ditch bank by exposed power lines). However, we think the reliance on *Ellis* is misplaced. *Ellis* dealt with electricity, itself an extremely hazardous agency. We do not perceive an open hole to be such an agency.

There was evidence to show frequent, general trespassing across a parking lot and vehicular way on Albertsons' property by other persons. However, there was no showing of such frequent or general entry into the abandoned freight-loading area of the premises where Lindquist was injured. The only evidence of such entry was a single prior occasion when the grate covering the ventilation shaft was found to have been removed. Albertsons replaced it. The question, then, is whether this one known prior intrusion triggered a duty on the part of Albertsons to protect future trespassers in the freight-loading area.

Section 335 of the RESTATEMENT (SECOND) OF TORTS (1965) provides:

*Artificial Conditions Highly Dangerous to Constant Trespassers on Limited Area*

A possessor of land who knows, or from facts within his knowledge should know, that trespassers *constantly intrude upon a limited area* of the land, is subject to liability for bodily harm caused to them by an artificial condition of the land, if

(a) the condition

(i) is one which the possessor has created or maintains and

(ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and

(iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and

(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved. [Emphasis added.]

Here, the trespassers frequently used an adjacent dirt trail, and a paved portion behind the Albertsons' store, as a "short-cut" to other neighboring premises. There was no history of constant intrusion upon the area near the ventilation shaft. We agree with the district court, that Albertsons did not breach any duty owed to Lindquist.

### III

Lindquist urges that we eliminate the distinction in Idaho, between invitees, licensees and trespassers, as a basis for liability and that we establish a general standard applicable to all persons who come upon another's property. We decline to do so. *See Evans v. Park,* 112 Idaho 400, 732 P.2d 369 (Ct.App.1987); *Huyck v. Hecla Mining Co., supra.*

The summary judgment is affirmed. Costs to respondent, Albertsons. No fees awarded on appeal.

BURNETT and SWANSTROM, JJ., concur.