938 P.2d 1242

**Virginia L. DACHLET, the surviving mother of Jason Christopher Dachlet, Plaintiff–Appellant,**

v.

**STATE of Idaho, Mountain Home Highway District, a political subdivision of the County of Elmore, Darlene M. Ramsey, Michael Laverne Rodgers, and Karen Rodgers, husband and wife, Raymond D. Rodgers and Irene Rodgers, husband and wife, Defendants–Respondents,**

and

**Walter Trenhaile, John T. Taylor, Lloyd Pierce, Ivan J. Murphy, and Katheryn Murphy, husband and wife, and as Trustees of the Estate of Howard E. Murphy, Richard Murphy, Raymond Murphy, Wesley Murphy, and does I Through X, Defendants.**

No. 22691.

Supreme Court of Idaho,
Boise, January 1997 Term.

June 11, 1997.

Alan G. Lance, Attorney General, Boise, for defendant–respondent State of Idaho. Allyn L. Sweeney argued.

Cantrill, Skinner, Sullivan & King, Boise, for defendant–respondent Mountain Home Highway District. Frank P. Kotyk argued.

Saetrum, Day & Salladay, Boise, for defendant–respondent Ramsey. Rodney R. Saetrum argued.

Martin J. Martelle, Boise, for defendants–respondents Rogers.

McDEVITT, Justice.

This is an appeal from a memorandum decision issued by the district court, pursuant to which judgments were entered in favor of each of the respondents. Jason Christian Dachlet (Jason), 19–year–old son of Virginia L. Dachlet (Dachlet), was killed on August 31 or September 1, 1991. Jason was returning to his home near Mountain Home, Idaho from Boise where he had been with a friend and had been drinking alcohol. Jason was driving on Old State Highway 30 in a southeasterly direction towards Mountain Home. He reached the end of the pavement and dropped into a wash, which was approximately 8 feet deep and 60 feet wide, where Squaw Creek flows through what had been the roadbed. The exact time of death is unknown. Jason's vehicle was overturned and burned, burning Jason's body as well as the vehicle.

On motions by each of the respondents, the district court granted summary judgment for each of the respondents based upon the memorandum decision.

## I.

### FACTS AND PRIOR PROCEEDINGS

Motions for summary judgment were filed by the respondents State of Idaho, Mountain Home Highway District and landowners Ramsey and Rodgers. The trial court granted all of the respondents' motions for summary judgment, holding that the State of Idaho owed no duty to Dachlet and that the undisputed material facts were that the State has had nothing to do with the abandoned roadway for over ten years prior to the incident. The trial court further held that landowners Ramsey and Rodgers owed no duty to the decedent, who was a trespasser at the time of the incident. The trial court further held that the Mountain Home Highway District did have a duty to properly sign the approaches to the abandoned highway, in order to direct traffic away from it and to discourage its use. The trial court held that the signs erected by the Mountain Home Highway District as matter of law discharged any duty that the Highway District owed to the decedent.

The trial court granted each of the respondents' motions for summary judgment from which Dachlet appeals.

## II.

### STANDARD OF REVIEW

■ A motion for summary judgment must be granted by a district court "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). A review by the Supreme Court of a district court's ruling on a motion for summary judgment is the same as that required of the district court when it rules on the motion. *Truck Ins. Exch. v. Bishara*, 128 Idaho 550, 553, 916 P.2d 1275, 1278 (1996); *Curtis v. Firth*, 123 Idaho 598, 610, 850 P.2d 749, 761 (1993).

## III.

### ISSUE ON APPEAL

The issue raised on appeal by the surviving mother of the decedent, Dachlet, is as follows:

1. Whether the district court failed to consider all facts in a light most favorable to Dachlet and grant her case all reasonable inferences when it granted summary judgment to the State of Idaho, the Mountain Home Highway District, and landowners Ramsey and Rodgers.

## IV.

## THE EVIDENCE INDICATES THAT ISSUES OF MATERIAL FACT REMAIN

The parties in this action do not dispute that Dachlet is the mother of Jason, who was killed when he was driving his vehicle on Old State Highway 30 after returning from Boise, Idaho to his home in Mountain Home, Idaho. Likewise, there is no dispute that Jason had been drinking alcohol; that his vehicle overturned and burned, as did Jason; and that all of this occurred on Old State Highway 30.

The evidence is uncontradicted that where Old State Highway 30 becomes Squaw Creek Road at a 125 degree angle, approaching the curve going south, .16 miles before the curve, two signs are mounted on a post. The upper sign depicts a left turn, the lower a 15 mph speed. At .05 miles after the first two signs, a post holds two more signs. The upper depicts a 90 degree arrow turn, the lower a 15 mph speed. On the southeast side of the curve is another sign with a long arrow pointing left. A short distance beyond the third sign depicting a left turn on Old State Highway 30 is a sign reading "Dead End." The evidence reflects that these signs were erected and maintained by the Mountain Home Highway District (MHHD). The Idaho Transportation Department (ITD) had erected two asphalt berms on Old State Highway 30 when they ceased its temporary use in 1980.

The Rodgers family are landowners of property contiguous to the Old State Highway 30 to the east of the point where it intersects Squaw Creek Road. The Rodgers property extends from the Highway District Road to about .3 of a mile before the breach in the Old State Highway 30 that caused the accident, and respondents Rodgers own land under the Old State Highway 30 from the Ramsey land to beyond the breach in the Old State Highway 30. The breach is on property owned by Rodgers.

The ITD "abandoned" under I.C. § 40–203 only a portion of Old State Highway 30 in 1967. The portion so abandoned was not the portion at issue in this proceeding. In 1980 the ITD entered into a temporary use agreement with the predecessors in interest of Rodgers and Ramsey, which use discontinued on December 31, 1980.

### Idaho Transportation Department

■ Mrs. Dachlet argues that there exists a genuine issue of material fact as to whether the ITD properly "abandoned" the portion of Old State Highway 30 at issue in these proceedings. We agree.

Old State Highway 30 was a State Highway for many years. The Legislature has established a statutory procedure for "abandonment" of a State Highway in I.C. § 40–203B (1993) and 40–310 (1993). If the Highway is not "abandoned," the ITD has, pursuant to Idaho law, responsibility for the maintenance of that Highway. The record does not reflect that the ITD followed the statutory procedure to "abandon" Old State Highway 30 even though it had not been used by the ITD for more than 10 years.

### Mountain Home Highway District

■ Old State Highway 30 runs straight and paved past the turnoff at the unpaved Squaw Creek Road. Mrs. Dachlet asserts that the signage erected by the MHHD prior to the intersection of Old State Highway 30 and Squaw Creek Road is inadequate. Mrs. Dachlet further urges that the "Dead End" sign erected by the MHHD on Old State Highway 30 is misleading as it leads to the conclusion that Old State Highway 30 is useable.

The adequacy of signage is not something that can be concluded from the record before

the Court and is in dispute by the parties. There is conflicting evidence before the court.

*Rodgers and Ramsey*

The evidence is uncontradicted that the landowners Rodgers and Ramsey had erected fences across Old State Highway 30 to attempt to block traffic. Those fences had from time to time been vandalized and torn down by individuals using Old State Highway 30 for a place to rendezvous and hold parties. There is no evidence of any wilful or wanton acts by these landowners that could have caused Jason's accident.

## V.

### CONCLUSION

The Court affirms the trial court judgment as to Rodgers and Ramsey; vacates the trial court judgment as to the ITD and the MHHD and remands to the district court. Costs to Rodgers and Ramsey and costs to appellant as to the ITD and the MHHD. No attorneys fees on appeal.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.