960 P.2d 1266

**Dorothy M. PETERSON,
Plaintiff–Appellant,**

v.

**Gerald O. ROMINE and Patricia Romine, d/b/a/ Courtesy Rent–To–Own, and Rodney Haynes and Jane Doe Haynes, individually, jointly, and as lessees, Defendants–Respondents.**

No. 23377.

Supreme Court of Idaho,
Boise, February 1998 Term.

July 7, 1998.

538

James C. Arnold, Lewiston, for appellant.

Clements, Brown & McNichols, Lewiston, for respondents Robert and Jane Doe Haynes. Dean Wullenwaber argued.

Huppin, Ewing, Anderson & Paul P.S., Coeur d'Alene, for respondents Gerald and Patricia Romine. Patrick F. Delfino argued.

SILAK, Justice.

This case involves the liability of a property owner to a person injured on the owner's land. The district court granted summary judgment in favor of respondents, which resulted in dismissal of appellant's suit. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Dorothy Peterson (Peterson) parked her car in a space in a parking lot near a store in Lewiston where she had been shopping. This parking lot was owned by Gerald Romine, d/b/a Courtesy Rent–To–Own, thirty spaces of which were leased to Rodney Haynes, d/b/a Towne Square Mall (hereinafter collectively referred to as the Landowners). Towne Square Mall, in turn, subleased some of these spaces to commercial tenants. The store at which Peterson was shopping was not one of the businesses that had parking spaces at the Landowners' lot. The particular parking space at issue was subleased to an individual tenant, Del Steiner. The Landowners were members of a group of businesses involved in a business improvement district to promote the downtown area of Lewiston. Promotion was done through advertising and marketing materials. The parking lot was on "F" Street in downtown Lewiston and was one of three lots on that street.

On the day in question, Peterson was shopping at a downtown store located directly between Courtesy Rent–To–Own and the Towne Square Mall. This store does not rent any of the spaces in the parking lot in question. Peterson alleged that she had parked in the parking lot while shopping at other downtown businesses on numerous prior occasions. As Peterson got into her car after completing her shopping, she stepped back-wards into a pothole. As she stepped into the pothole, she fell, sustaining injury to her knee and ankle.

The parking lot was marked with various signs to designate parking privileges in particular spaces. The largest sign, which was directly above two parking spaces, was marked "Courtesy Rent–To–Own–Customer Parking Only, Unauthorized Vehicles Will be Towed at Owner's Expense." Another portion of the parking lot had a sign which read "Towne Square Mall, Reserved Parking, . . . Unauthorized Vehicles Will be Towed at Owner's Expense." Some of the parking spaces had smaller signs marking that space as private, while other spaces had no sign at all. There was a sign above the space in which Peterson parked, but it is disputed whether the sign was blank or indicated that the space was private on the day of Peterson's fall. Peterson alleges that the sign was blank and looked as if it had been painted over. The Landowners allege that the sign was not painted over until sometime after Peterson's injury and that on the day of the accident the sign read "Del Steiner, Paid Parking, Tow Away Zone, City Ord. 24–26."

Peterson sued the Landowners for her injuries. The district court granted the Landowners' motion for summary judgment and dismissed the case on the grounds that Peterson was a trespasser, and there were no material issues of fact as to whether the Landowners had engaged in any wanton or willful acts. Peterson appeals.

## II.

### ISSUE ON APPEAL

The issue presented on appeal is whether there were material factual issues in dispute as to whether Peterson was a trespasser.

## III.

### THE DISTRICT COURT DID NOT ERR IN CONCLUDING THAT THERE WERE NO MATERIAL FACTUAL ISSUES IN DISPUTE.

On appeal from a summary judgment this Court reviews the pleadings, depositions,

affidavits, and admissions on file. *Thompson v. Pike*, 125 Idaho 897, 899, 876 P.2d 595, 597 (1994). The evidence must be construed in the light most favorable to the party opposing the motion. *Id.* If the evidence reveals no disputed issues of material fact, then the motion was properly granted. *Id.* at 900, 876 P.2d at 598. If the evidence is conflicting on material issues, or if reasonable minds could reach different conclusions, summary judgment is not appropriate. *Loomis v. City of Hailey*, 119 Idaho 434, 436, 807 P.2d 1272, 1274 (1991). A material fact is one upon which the outcome of the case may be different. *Rife v. Long*, 127 Idaho 841, 849, 908 P.2d 143, 151 (1995).

The key issue to determine liability is whether Peterson was a trespasser or an invitee when she was in the parking lot. In order for Peterson to prove that the respondents were negligent in allowing the parking lot to develop a pothole, she must prove: (1) the Landowners had a duty to conform to a certain standard of conduct; (2) the Landowners breached that duty; (3) there was a causal connection between the Landowners' conduct and the injuries; and (4) damages. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995), *appeal after remand*, 130 Idaho 597, 944 P.2d 1360 (1997).

The duty of a landowner to the person injured on the land turns on the status of the injured person. *Holzheimer v. Johannesen*, 125 Idaho 397, 399, 871 P.2d 814, 816 (1994). The status of the person injured on the land is divided into three categories: invitee, licensee, or trespasser. "An invitee is one who enters upon the premises of another for a purpose connected with the business conducted on the land, or where it can reasonably be said that the visit may confer a business, commercial, monetary or other tangible benefit to the landowner." *Id.* at 400, 871 P.2d at 817. A landowner's duty to an invitee is to warn of hidden or concealed dangers and to keep the land in a reasonably safe condition. *Id.* A trespasser is anyone who goes onto the land without permission, invitation or lawful authority. *Bicandi v. Boise Payette Lumber Co.*, 55 Idaho 543, 552, 44 P.2d 1103, 1106 (1935); *see also, Lindquist v. Albertsons, Inc.*, 113 Idaho

830, 831, 748 P.2d 414, 415 (Ct.App.1987). A landowner's duty to a trespasser is to refrain from willful or wanton acts which might cause injury. *Huyck v. Hecla Mining Co.*, 101 Idaho 299, 301, 612 P.2d 142, 144 (1980). There is no assertion that Peterson was a licensee.

The district court, relying on *Huyck*, determined that the appellant was a trespasser and was not an implied invitee. The district court found that regardless of whether the sign directly above the parking spot Peterson parked in was painted over, the other signs in the parking lot were sufficient to indicate the private nature of the parking lot.

In *Huyck*, this Court found that a person could be an implied invitee if he or she was "lured" onto the land. *Id.* at 300, 612 P.2d at 143. In the case at bar, there is no evidence the Landowners lured Peterson to park in their parking lot. There were at least two very large signs, which Peterson stated she had seen, indicating that the parking lot was reserved for customers of certain stores. Additionally, the Landowners had a procedure in place for towing cars that were not authorized to park in the lot. This towing procedure was indicated in large type on the Courtesy Rent–to–Own sign.

There is no rule of law in Idaho requiring the owner of land to place signs on the land indicating that the land is private property. *Huyck*, 101 Idaho at 300, 612 P.2d at 143. Nevertheless, in this case, the Landowners did place large signs that would put persons on notice that the parking lot was not a public lot. This Court in *Huyck* found that a barricade placed at the top of the road was sufficient to indicate the private nature of the road. The Court in *Huyck* noted that the barrier was readily observable and therefore the injured person should have been aware that the road was private. *Id.* at 300–01, 612 P.2d at 143–44. The signs in this case were readily observable, as Peterson admitted she had seen the signs, and clearly indicated that the lot was reserved for designated parking.

Peterson argues that she was an implied invitee because the respondents were part of a group of businesses trying to en-

courage business in downtown Lewiston, and that therefore the respondents were negligent because they failed to keep the parking lot in a reasonably safe condition. Although the Landowners did participate in encouraging business in the downtown area, there was no evidence indicating advertising of their parking lot in connection with the business that Peterson visited on the day of her accident. The fact that the Landowners were trying to promote their business does not create an inference that customers for other downtown businesses were invited to park in a parking lot specifically marked for the use of the respondents' customers.

 The fact that Peterson claims she parked in the parking lot on previous occasions and her vehicle was not towed does not establish that Peterson was an implied invitee. Similarly, the plaintiff in *Huyck* indicated that he had been on the road many times over a period of five years. *Huyck*, 101 Idaho at 300, 612 P.2d at 143. The parking lot Peterson parked in was marked with signs indicating the private status of the lot and the possibility of the vehicle being towed. Peterson was a trespasser every time she parked in the lot, regardless of whether her vehicle was towed.

Peterson asserts that this Court's holding in *Dachlet v. State*, 130 Idaho 204, 938 P.2d 1242 (1997), is relevant to the issue at hand. *Dachlet* did not address whether the injured person was an implied invitee. In fact, in that case, the Court found that the injured person was a trespasser on the private landowners' property. *Dachlet*, 130 Idaho at 207, 938 P.2d at 1245.

We hold that the Landowners did not induce Peterson to park in their parking lot, and therefore Peterson was a trespasser. Consequently, summary judgment was appropriate since Peterson did not allege that the Landowners committed any wanton or willful actions which caused her injury. The district court's decision is affirmed.

## IV.

## CONCLUSION

In order for a person injured on private property to be an implied invitee, the property owner must have lured the injured person onto the land. There was no evidence to indicate that the Landowners had lured Peterson onto their land. Therefore, Peterson was a trespasser, and the district court properly entered summary judgment in favor of the Landowners. No attorney fees on appeal. Costs to respondent Landowners.

TROUT, C.J., and JOHNSON, SCHROEDER and WALTERS, JJ., concur.