[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Judith Wagner, filed a complaint against the defendants, Interim Health Care, Inc. (Interim), and Southwest Corner Limited Partnership (Southwest), on April, 9, 1999, for injuries she suffered when she fell in the hallway of an office operated by Interim and owned by Southwest.
In her complaint, the plaintiff alleged that she was in the office building to make a payment to her dentist when she found the door to his office locked. She proceeded to enter through an unlocked, nearby door, looking for an alternative entrance to the dentist's office. When the plaintiff entered, there was an office to her left filled with employees of Interim and a sign in front of her marked "offices," pointing to a stairway that led to Interim's upstairs offices. The plaintiff proceeded to go right, down a corridor with no signs, and tripped on a carpeted stair.
Interim filed a motion for summary judgment on August 11, 2000, arguing that the plaintiff was a trespasser, and the only duty owed to the plaintiff was to refrain from injuring her "intentionally, or by willful, CT Page 14945 wanton or reckless conduct." It further argues that she was not an invitee because she admitted that she did not come to Interim's office with the purpose for which the land is held open to the public or with the intent to do business with Interim.
In the alternative, even if she is considered an invitee, she exceeded the scope of the invitation by going down a corridor that was not open to the public and contained only employee bathrooms.
The plaintiff filed a memorandum in opposition to the motion for summary judgment on September 8, 2000, arguing that there exist genuine issues of material fact with regard to Interim's knowledge of her presence as a trespasser, whether she was in fact a public invitee and not a trespasser and, if so, whether she exceeded the scope of that invitation.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment . . . because the question is one of law." Pion v. Southern New England Telephone Co., 44 Conn. App. 657,660, 691 A.2d 1107 (1997).
A trespasser is a person who enters on the property of another without any right, lawful authority or an express or implied invitation or license. (Black's Law Dictionary, 5th Ed. 1983) "The status of an entrant on another's land, be it trespasser) licensee or invitee, determines the duty that is owed to the entrant while he or she is on a landowner's property." Salaman v. Waterbury, 246 Conn. 298, 304-05, 717 A.2d 161
(1998). If the plaintiff in this case was a trespasser, the defendant's "only duty was to refrain from causing him injury intentionally, or by willful, wanton or reckless conduct." (Internal quotation marks omitted.) Id. An exception to this rule exists, however, where the defendant had actual or constructive knowledge of the presence of trespassers. Maffucciv. Royal Park Ltd. Partnership, supra, 243 Conn. 560. CT Page 14946
The defendant argues that it did not have constructive knowledge of the plaintiff's presence as a trespasser and therefore did not owe her a duty of care. The defendant admitted that it knew visitors often entered the premises under the mistaken belief that they had entered the dentist's office. (Defendant's Memorandum, Exhibit B, Affidavit of Gaylene Ryder, August 8, 2000 [Ryder Affidavit], ¶ 12.) The plaintiff, however, testified that she knew she was not entering the dentist's office, but rather, was looking for an alternative route. (Defendant's Memorandum, Exhibit A, Certified Deposition of Judith Wagner, January 14, 2000 [Wagner Deposition], pp. 40, 46.) The affidavit submitted in support of the defendant's motion states that prior to this incident, no one had ever entered Interim and proceeded directly down the hallway where the plaintiff fell. (Ryder Affidavit, ¶ 13.)
The Connecticut Supreme Court has said that, "[w]e agree with § 335 [of the Restatement Second of Torts] that liability in negligence for a dangerous condition on land will attach only if the possessor has actual or constructive knowledge that trespassers constantly intrude upon a limited area of the land." Maffucci v. Royal Park Ltd. Partnership,
supra, 243 Conn. 560. Addressing the particular facts of the Maffucci
case, the court said that "although there was substantial evidence of regular trespass to the parking lot and a path behind the defendant's store, there was insufficient evidence of frequent or general entry into the abandoned freight-loading area where the plaintiff was injured to raise a material issue of fact regarding constructive notice. Constant intrusion to other areas was not sufficient to give constructive notice of intrusion to the limited area of the loading dock." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership,
supra, 561-62, citing Lindquist v. Albertsons, Inc., 113 Idaho 830, 831,748 P.2d 414 (Idaho App. 1987). Furthermore, the court added that "[t]o prove constructive knowledge of the plaintiff's presence on the premises, the plaintiff must prove a level of knowledge equivalent to actual knowledge." (Internal quotation marks omitted.) Maffucci v. Royal ParkLtd. Partnership, supra. 563.
The defendant has sufficiently met its burden of showing the absence of any genuine issue of material fact regarding actual or constructive knowledge of the presence of the plaintiff as a trespasser, and the plaintiff has failed to submit any evidence establishing the existence of any disputed fact. The evidence submitted by the defendant shows that not only had no one else ever gone down the hallway where the plaintiff fell, but there were no signs signaling that there was an alternate route to the dentist's office there, and the plaintiff did not attempt to speak to any Interim employees before she proceeded down the hallway. (Wagner Deposition, pp. 47, 55-56, 65.) The hallway did not contain an CT Page 14947 alternative entrance to the dentist's office, but rather employee bathrooms not available to the public. Interim admitted that sometimes people would enter the office in general under the mistaken belief that it was the dentist's office, (Ryder Affidavit, ¶ 12), but that does not amount to a constant intrusion upon a limited area of land.
In the alternative, the plaintiff argues that she was not a trespasser at all, but rather an invitee. She argues that the defendant has not submitted any proof that there were signs warning the plaintiff not to enter, or otherwise advising her that the office was not open to the public. In fact, the door of the office was unlocked so that the public could enter. (Wagner Deposition, pp. 46-47.) "A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public. . . . A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." (Citation omitted; internal quotation marks omitted.) Corcoran v. Jacovino, 161 Conn. 462, 465, (1971). In her deposition testimony, the plaintiff admits that the reason she entered the premises of the defendant was to search for an alternative entrance into the dentist's office. (Wagner Deposition, pp. 60-62.) The plaintiff does not submit any evidence to show that she was on the property in connection with any business dealings with Interim, or for any purpose for which the land is held open to the public.
Furthermore, "[o]ne may be an invited as to a portion of a building and not enjoy that status as to other portions thereof. That status does not exist when the invitee is using a portion of the premises to which the invitation has not been extended, either expressly or impliedly, and which the owner would not reasonably expect the invitee to use in connection with the conduct of the business on the premises." Knapp v.Connecticut Theatrical Corp., 122 Conn. 413, 416, (1937).
The plaintiff argues that not only was she an invitee, but the hallway where the injury occurred was within the scope of her invitation. She does not submit any evidence, however, to support this conclusion beyond the statement that the entrance to the Interim office was unlocked, and there were no signs to the contrary. (Wagner Deposition, pp. 46-47.) The evidence submitted by the defendant shows that there were no signs that would indicate there was an alternative entrance to the dentist's office, there was no reason for members of the public to enter that hallway, and prior to the plaintiff, no one ever had. (Ryder Affidavit, ¶¶ 6, 14.) There is no evidence submitted by the plaintiff to show that the defendant could have reasonably expected the hallway to be used in that manner. CT Page 14948
For the foregoing reasons, the court finds that there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Therefore, the defendant's motion for summary judgment is hereby granted.
By the Court,
Joseph W. Doherty, Judge