911 P.2d 1111

Brittney NELSON, a minor, By and Through her natural parents and guardians, Val NELSON and Jacque Nelson; and Val Nelson and Jacque Nelson, husband and wife, individually, Plaintiffs–Appellants,

v.

CITY OF RUPERT, Defendant–Respondent.

No. 21562.

Supreme Court of Idaho,
Boise, November, 1995 Term.

Feb. 15, 1996.

Ling, Nielsen & Robinson, Rupert, for appellants. Brent T. Robinson argued.

Cantrill, Skinner, Sullivan & King, Boise, for respondent. Frank P. Kotyk argued.

SCHROEDER, Justice.

This is an appeal from a district court decision granting partial summary judgment in favor of respondent, the City of Rupert (the City), pursuant to section 36–1604 of the Idaho Code,[1] commonly referred to as the "recreational use statute." On cross-appeal the City requests attorney fees.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

The facts relevant to this appeal are essentially undisputed. On July 29, 1992, Brittney Nelson, who was five years old, went with a friend to Johnson Park in Rupert, Idaho, to play. They took dolls and blankets and initially played on a swing and slide located in the northwest corner of the park. Later, they went to a backstop located in the northeast corner of the park, placing the blankets over the legs of the backstop to make it into a "house." The two girls tried to raise an overhang on the backstop, at which point the backstop fell, landing on Brittney's leg, breaking her femur.

Johnson Park is owned by Dalry Electric, Inc. On June 19, 1990, however, the City entered into a lease agreement with Dalry Electric which provided, among other things, that the City "shall maintain the recreational equipment" contained in the park. The lease required the City to provide "public liability insurance on the premises with a minimum single limit coverage of $1,000,000.00 per occurrence." Prior to Brittney's injury the City had never performed any maintenance or repair work on the backstop or other playground equipment at the park.

This action was brought against the City on Brittney's behalf by and through her parents, Val Nelson and Jacque Nelson, and by the Nelsons, individually (the Nelsons). The Nelsons alleged that the backstop was an attractive nuisance, and that the City negligently failed to maintain the backstop. The City filed a motion for summary judgment, in response to which the Nelsons filed an amended complaint alleging that the City's failure to maintain the backstop was wanton and reckless.

The district court granted the City's motion for summary judgment on all issues except the Nelson's claim that the City's failure to maintain the backstop was wanton and reckless. The district court concluded that the City was immune from liability for any negligent conduct pursuant to section 36–1604 of the Idaho Code. The district court determined that the language in the lease between the City and Dalry Electric which required the City to maintain the park equipment did not satisfy the "[u]nless otherwise agreed in writing" provision of section 36–1604(e). Consequently the limitation of liability provision of 36–1604 was applicable.

---

**1.** Section 36–1604 provides, in relevant part:
**36–1604. Limitation of liability of landowner.**—(a) Statement of Purpose. The purpose of this section is to encourage owners of land to make land and water areas available to the public without charge for recreational purposes by limiting their liability toward persons entering thereon for such purposes.
(b) Definitions. As used in this section:
. . . .
2. "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.
. . . .
(d) Owner Assumes No Liability. An owner of land or equipment who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:
1. Extend any assurance that the premises are safe for any purpose.
2. Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.
3. Assume responsibility for or incur liability for any injury to person or property caused by an act of omission of such persons.
(e) Provisions Apply to Leased Public Land. Unless otherwise agreed in writing, the provisions of this section shall be deemed applicable to the duties and liability of an owner of land leased to the state or any subdivision thereof for recreational purposes.

The district court found that the lease did not create a duty owed to the general public above and beyond that imposed at common law. The district court also found that the Nelsons were unable to prove two independent elements of their attractive nuisance theory: (1) that the backstop was peculiarly or unusually attractive to children, and (2) that Brittney was attracted to the park by the backstop.

## II.

### IDAHO CODE SECTION 36–1604 APPLIES TO PUBLIC PARKS

The Nelsons argue that the purpose of section 36–1604 of the Idaho Code is to encourage owners of land to make land and water areas available to the public for recreational purposes without charge. Municipalities provide recreational parks as a result of tax dollars. Therefore, the Nelsons maintain that the purpose for which the recreational use statute was created clearly should not apply to municipalities. However, this Court must assume that the Legislature intended what it said in the statute and must construe statutory terms according to their plain, obvious, and rational meanings. *McGhee v. City of Glenns Ferry*, 111 Idaho 921, 922, 729 P.2d 396, 397 (1986). This Court has determined that section 36–1604 of the Idaho Code applies to public parks. *Id.; See also Jacobsen v. City of Rathdrum*, 115 Idaho 266, 269, 766 P.2d 736, 739 (1988) (where Court held that section 36–1604 was relevant to analysis of city's liability for near-drowning of child in city park). The Legislature has not amended section 36–1604 in response to this interpretation, and there is no basis for this Court to overrule its prior decisions.

## III.

### THE CITY'S LEASE AGREEMENT WITH DALRY ELECTRIC DOES NOT NEGATE THE APPLICATION OF SECTION 36–1604 IN THIS INSTANCE.

Subsection (e) of 36–1604 states: "Unless otherwise agreed in writing, the provisions of this section shall be deemed applicable to the duties and liability of an owner of land leased to the state or any subdivision thereof for recreational purposes."

The applicability of section 36–1604 to the park is not addressed in the lease. The district court concluded that, "Nothing in the lease purports to remove the City's ability to assert defenses that would otherwise be available under the recreational use statute. Language having such effect would have to be specific." The district court reasoned that, since most lease agreements contain some type of liability clause, "any other interpretation would have the effect of rendering the § 36–1604 inapplicable to most leased lands."

The language in subsection (e) of Idaho Code 36–1604 indicates an intent that any waiver of the statute's application must be clear and unequivocal, *i.e.,* an "agreement" that the immunity provided by the statute will not apply. Prior to the lease it was Dalry's duty as owner of the land to maintain the premises and equipment thereon—a duty from which it would be released under the terms of the statute. I.C. § 36–1604(d). The lease transferred that duty to the City. By stepping into the shoes of Dalry as one "in control of the premises," I.C. § 36–1604(b)(2), the City assumed Dalry's immunity. Therefore, as the district court concluded, the lease agreement does not purport to make section 36–1604 of the Idaho Code inapplicable. The lease agreement merely memorializes the shift in "control of the premises" and therefore, responsibility, from Dalry to the City.

## IV.

### THE THIRD–PARTY BENEFICIARY ARGUMENT WAS NOT RAISED IN THE DISTRICT COURT AND WILL NOT BE CONSIDERED ON APPEAL.

In their brief on appeal the Nelsons argue that the lease created a separate, contractual duty which is unaffected by the statute. However, the Nelsons never raised a third-party beneficiary claim in the district court. The issue of whether the Nelsons are third party beneficiaries of the City's lease agreement to maintain the backstop will not

be considered on appeal. *Lawton v. City of Pocatello,* 126 Idaho 454, 464, 886 P.2d 330, 340 (1994).

## V.

## THERE IS A GENUINE ISSUE OF FACT AS TO WHETHER THE NELSONS CAN ESTABLISH THE ELEMENTS OF ATTRACTIVE NUISANCE.

■ In *Jacobsen v. City of Rathdrum,* 115 Idaho at 272, 766 P.2d at 742, this Court explained the relationship of the doctrine of attractive nuisance and the recreational use statute:

> Since a claim based on the doctrine of attractive nuisance begins with the fact that the child who was injured was a trespasser, the recreational use statute does not preclude the liability of a landowner under this doctrine. Even though a child who uses land for recreational purposes under the statute is not a trespasser, the owner should be liable for injury to the child, if the owner would have been liable to a trespassing child.

115 Idaho 266, 272, 766 P.2d 736, 742 (1988). The district court correctly determined that the recreational use statute does not preclude liability under the doctrine of attractive nuisance but concluded that the Nelsons failed to provide enough evidence to establish a genuine issue of material fact.

■ Summary judgment dismissal of a claim is appropriate where the plaintiff fails to submit evidence to establish an essential element of the claim. I.R.C.P. 56(c); *Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988). The requirements of an attractive nuisance claim were set forth in *Bass v. Quinn–Robbins Co.,* 70 Idaho 308, 216 P.2d 944 (1950). Plaintiff has the burden of proving: (1) A structure/condition existed on the defendant's premises which the defendant knew or should have known in the exercise of ordinary care, involved a reasonably foreseeable risk of attraction and harm to children; (2) The structure/condition maintained/permitted on the property was peculiarly or unusually attractive to children; (3) The structure/condition was such that the danger was not apparent to immature minds; and (4) The plaintiff was attracted onto the premises by such structure/condition. *Id.* at 312, 216 P.2d at 945.

■ The City maintains that the backstop was not peculiarly or unusually attractive to children, nor was Brittney attracted to the park by the backstop. *See Ambrose v. Buhl Joint School Dist. No. 412,* 126 Idaho 581, 586, 887 P.2d 1088, 1093 (Ct.App.1994) ("Attractive nuisance" must be the enticement that draws child onto defendant's premises).

The law regarding elements (2) and (4), listed above, is well-settled. This Court first recognized the theory of attractive nuisance recovery in tort in *Bass v. Quinn–Robbins, Co.,* in which it laid out the above-cited elements for recovery. If any of the above-cited elements are not established, a claim of attractive nuisance fails. *Hughes v. Union Pac. R.R.,* 114 Idaho 466, 757 P.2d 1185 (1988).

To establish a claim based on the doctrine of attractive nuisance, the injured child must be attracted to the property by the nuisance. The reasoning for requiring that the child be attracted by the nuisance was explained in *Bass:*

> "Infants have no greater right to go upon other people's land than adults, and the mere fact that they are infants imposes no duty upon landowners to expect them and to prepare for their safety. On the other hand the duty of one who invites another upon his land not to lead him into a trap is well settled, and while it is very plain that temptation is not invitation, it may be held that knowingly to establish and expose, unfenced, to children of an age when they follow a bait as mechanically as a fish, something that is certain to attract them, has the legal effect of an invitation to them although not to an adult."

*Id.* at 314, 216 P.2d at 947, quoting *United Zinc and Chemical Co. v. Britt,* 258 U.S. 268, 42 S.Ct. 299, 66 L.Ed. 615 (1922).

■ In determining a motion for summary judgment all reasonable inferences must be liberally construed in favor of the non-moving party. *G. & M. Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). The City maintains this case is the same as *Jacobsen v. City of Rathdrum,*

in which this Court held that, because the evidence in the record indicated that the injured child was not attracted to the park by the allegedly dangerous bridge, there was insufficient evidence to support an attractive nuisance claim. 115 Idaho at 272, 766 P.2d at 742. However, in this case a reasonable inference may be drawn that Brittney was attracted to the park by the backstop. She and her friend took their blankets to the park and attempted to make a house using the backstop. The fact that the children took their blankets to the park and went to the backstop to play raises a reasonable inference that they were attracted to the park by the backstop and that the backstop was peculiarly or unusually attractive to children. This is sufficient to defeat the City's motion for summary judgment on the issue of attractive nuisance.

## V.

## CONCLUSION

The district court decision is affirmed in its determinations that the recreational use statute, Idaho Code section 36–1604, is applicable to the city park and that the City had no separate duty created by the terms of the lease agreement. The district court decision is affirmed in its determination that the recreational use statute does not preclude liability under the doctrine of attractive nuisance. The determination that there is insufficient evidence to maintain an attractive nuisance claim is vacated on the basis that there are genuine issues of material fact as to whether the backstop was peculiarly or unusually attractive to children and whether the child was attracted onto the premises by the backstop. The case is remanded to the district court for further proceedings consistent with this opinion. Costs are awarded the appellant. Neither party is awarded attorney fees.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.