72 P.3d 849

**Frank and Leslie O'GUIN, husband and wife, individually, and in their capacity as parents and legal guardians of Frank O'Guin, Jr., a minor, Plaintiffs–Appellants,**

v.

**BINGHAM COUNTY; Bingham County Commissioners; and Bingham County Public Works, a political subdivision; and Dippel Lateral Ditch Company, Defendants–Respondents.**

No. 28210.

Supreme Court of Idaho,
Boise, March 2003 Term.

June 18, 2003.

Law Offices of Comstock & Bush, Boise, for appellants. John A. Bush argued.

Anderson, Nelson, Hall, Smith, Idaho Falls, for respondents. Blake G. Hall argued.

WALTERS, Justice.

Frank and Leslie O'Guin brought an action against Bingham County, its commissioners, and its public works department for the wrongful death of their minor sons, Shaun and Alex. The County filed a summary judgment motion, which the district court denied. When the County sought permission to appeal, the district court, *sua sponte,* reconsidered its decision and granted summary judgment in favor of the County. For the reasons that follow, we affirm the judgment of dismissal on the claims addressed by the district court, but we remand the case to the district court for a ruling on the plaintiffs' statutorily-based claims.

## FACTS AND PROCEDURAL BACKGROUND

In the summer of 1999, Shaun and Alex O'Guin were enrolled in a summer lunch program at Ridgecrest Elementary School. They walked to the elementary school from their home, along Ridge Street to Airport Road and on to the school. On July 7, 1999, the boys took a shortcut to the school across the Ridge Street Landfill, property owned by Bingham County. The boys entered the property where an irrigation ditch crossed Ridge Street, through an opening in the fence, which purportedly allowed access to the ditch company.

On the way home from the school, the boys took the same shortcut, entering from the school property through an unlocked gate. Looking across a small ditch from the area nearest Ridge Street, the O'Guin boys spotted other boys throwing rocks at the walls of the working landfill. The boys crossed the earthen bridge over the ditch into the landfill, and they too began throwing rocks at the slope, causing dirt and gravel to come loose. Shaun and Alex dallied, despite a warning from their older brother, Frank, Jr., that they would get into trouble playing there.

Frank, Jr., left his brothers at the landfill but returned later to find them. He discovered Shaun and Alex lifeless at the bottom of the pit, where they had been crushed to death when the wall gave way and collapsed on them.

In their complaint, the plaintiffs alleged that the landfill was an attractive nuisance and that the County breached certain legal duties to control access to the landfill to prevent children from walking in and playing there. The County, in its answer, asserted that inasmuch as the boys were trespassers, there was no duty of reasonable care owed to them. The County sought dismissal of the attractive nuisance claim and reasserted that the County's only duty to trespassers was to refrain from willful and wanton conduct, which the plaintiffs had failed to plead. As to the claims of Frank, Jr., the County asserted that he did not qualify as an "heir" under Idaho Code § 5–311 and thus did not have standing to seek damages.

In a decision issued on November 30, 2001, the district court dismissed the attractive nuisance claim for failure to assert facts to prove an essential element of the claim. The district court, however, found that there existed genuine issues of fact to be resolved by a jury on the common law negligence claim. The district court denied the motion as to the statutory claims and the claims raised by Frank, Jr., and provided that plaintiffs could submit evidence on those claims to the jury.

The County requested permission to appeal. In response to the County's motion, however, the district court *sua sponte* reconsidered its original decision on the summary judgment. On January 7, 2002, the district court issued a substitute decision, granting summary judgment to the County on all claims. The district court found that the status of the O'Guin boys as trespassers invoked a standard of willful and wanton conduct that the plaintiffs did not address, even though the County had raised the issue in its reply memorandum. The court held that the negligent infliction of emotional distress claim had not been pled and thus was not before the court. Having dismissed the plaintiffs' common-law negligence claim, the district court determined it unnecessary to decide whether Frank, Jr., had standing under the wrongful death statute. The O'Guins filed a timely appeal.

## ISSUES

1. Did the district court err in finding that the children were trespassers as a matter of law?

2. Did the district court err in granting summary judgment on the attractive nuisance claim?

3. Was it error for the court to grant summary judgment on the basis that the O'Guins had not pled a wanton and willful standard, even though the parties substantively litigated the issue?

4. Did the district court err in failing to address the O'Guins' statutory claims, where the court previously found the County had breached its statutory duties?

5. Did the district court err in granting summary judgment on Frank Jr.'s negligent infliction of emotional distress claim?

**STANDARD OF REVIEW**

A motion for summary judgment should only be granted when all of the facts contained in all the applicable pleadings, depositions, admissions, and affidavits have been construed most favorably to the non-moving party, and it is clear that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Gardner v. Evans,* 110 Idaho 925, 719 P.2d 1185 (1986). The evidence must be construed in the light most favorable to the party opposing the motion. *Thompson v. Pike,* 125 Idaho 897, 899, 876 P.2d 595, 597 (1994). In determining a motion for summary judgment, all reasonable inferences must be liberally construed in favor of the non-moving party. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991).

If the evidence reveals no disputed issues of material fact, then the motion was properly granted. *Id.* at 900, 876 P.2d at 598. If the evidence is conflicting on material issues, or if reasonable minds could reach different conclusions, summary judgment is not appropriate. *Loomis v. City of Hailey,* 119 Idaho 434, 436, 807 P.2d 1272, 1274 (1991). A material fact is one upon which the outcome of the case may be different. *Rife v. Long,* 127 Idaho 841, 849, 908 P.2d 143, 151 (1995)

**ANALYSIS**

*1. The district court correctly held that the O'Guin boys were trespassers on the County property.*

A trespasser is a person who goes or remains upon the premises of another without permission or invitation either express or implied. *Bicandi v. Boise Payette Lumber Co.,* 55 Idaho 543, 44 P.2d 1103 (1935). There the Court held:

Anyone who goes upon the private property of another without lawful authority or without permission or invitation, express or implied, is a trespasser to whom the landowner owes no legal duty until his presence is discovered.

*Id.* at 552, 44 P.2d at 1102. *Accord, Huyck v. Hecla Mining Co.,* 101 Idaho 299, 612 P.2d 142 (1980).

On the summary judgment motion, the district court heard evidence that the boys entered onto the County property where a canal intersects Ridge Street. The testimony showed that the site of the landfill was originally fenced back in 1988 and no trespassing signs were installed. The entire landfill was fenced in, except that portion of the fence on Ridge Street that one of the county's witnesses testified was the canal company access to the ditch. The controlled access into the landfill was via a gate that was open during operating hours, but otherwise locked. Frank, Jr., testified in his deposition that there was a fence along Ridge Street, as well as no trespassing signs that he was aware of, seeking to prohibit entry onto the County property. Frank, Jr., testified that he and his brothers had entered the landfill property, which provided a shortcut to school. The record discloses nothing from which the court could conclude the boys had permission or in any way were authorized to enter onto the County property.

The appellants argue that that the opening in the fence on Ridge Street at the canal was an open and obvious access point, which was not restricted. This argument, however, which suggests an "implied invitation" to enter into the property, does not alter the boys' status as trespassers but may be relevant to the landowners' duty to the children. *See United Zinc & Chemical Co. v. Britt,* 258 U.S. 268, 42 S.Ct. 299, 66 L.Ed. 615 (1922) (an invitation to children may be implied from knowingly exposing something which attracts them on the land, but the principle, if accepted, must be very cautiously applied). Therefore, the facts before the district court support the court's conclusion that the boys were trespassing at the time of the accident.

*2. The district court properly dismissed the plaintiffs' attractive nuisance claim.*

The attractive nuisance doctrine under Idaho law applies only to children who

were attracted onto the defendant's premises by a dangerous object or condition. *Ambrose v. Buhl Joint School Distr.*, 126 Idaho 581, 585, 887 P.2d 1088, 1092 (Ct.App.1994). A plaintiff asserting attractive nuisance must prove:

> (1) a structure/condition on the defendant's premises which the defendant knew or should have known in the exercise of due care, involved a reasonable risk of attraction and harm to children; (2) the structure or condition maintained or permitted on the property was peculiarly or unusually attractive to children; (3) the structure/condition was such that the danger was not apparent to immature minds; and (4) the plaintiff was attracted onto the premises by such structure/condition.

*Bass v. Quinn–Robbins Co.*, 70 Idaho 308, 216 P.2d 944 (1950). If any one of these elements is not established, a claim of attractive nuisance fails. *Nelson By and Through Nelson v. City of Rupert*, 128 Idaho 199, 911 P.2d 1111 (1996).

The evidence in the record indicates that the boys first entered the County property as a shortcut to the school. Once on the premises, the boys were attracted into the area of the landfill pit, specifically the slopes of the pit, when they saw other boys throwing rocks to undermine the slopes and dislodge gravel and dirt. The O'Guin boys descended into the pit to get into the shade provided by the slope and started to dig into the slope, which collapsed on them.

The district court determined that the plaintiffs had not established that the boys were attracted onto the landfill property by the open pit or the piles of debris. The district court was not persuaded to distinguish the boys' entry into the two, arguably distinct sections of the County property. We agree with the district court's conclusion that the dangerous condition that caused harm to the boys was only discovered after they had entered the property. Accordingly, we affirm the dismissal of the attractive nuisance claim.

*3. The plaintiffs failed to plead or establish that the conduct of the County was willful and wanton.*

The distinction between trespassers, licensees, and invitees is the controlling test in determining the scope and extent of the duty of care owed by landowners to entrants. *See Huyck v. Hecla Mining Co.*, 101 Idaho 299, 612 P.2d 142 (1980). The duty owed by a landowner to a trespasser is to "refrain from wanton or willful acts that occasion injury." *Bicandi, supra.*

Whether an injury is the result of "willful and wanton" conduct is a question of fact for the jury to determine from all the evidence. *Trennert v. Coe*, 4 Ill.App.2d 166, 124 N.E.2d 79 (1955). In *Ellis v. Ashton & St. Anthony Power Co.*, 41 Idaho 106, 238 P. 517 (1925), the Court upheld an instruction defining liability for "wanton negligence," which merely stated that if the defendants maintained a dangerous agency and knew that children or others were accustomed to frequent or go on the ground, then if the dangerous appliance were unprotected and if by reason of the defendants' negligence injury resulted, the defendants would be liable. *Id.* at 120, 238 P.2d at 522. *See Jacobsen v. City of Rathdrum*, 115 Idaho 266, 766 P.2d 736 (1988) (evidence showed wanton negligence as to the City's maintenance of a dangerous condition). As defined in IDJI 225 (1985):

> Willful and wanton misconduct is present if the defendant intentionally does or fails to do an act, knowing or having a reason to know facts which would lead a reasonable man to realize that his conduct not only creates unreasonable risk of harm to another, but involves a high degree of probability that such harm would result.[1]

---

1. The Idaho Civil Jury Instructions (IDJI) have been recently revised. This instruction has been renumbered 2.25 and reworded to read:

> The words "willful and wanton" when used in these instructions and when applied to the allegations in this case, mean more than ordinary negligence. The words mean intentional or reckless actions, taken under circumstances where the actor knew or should have known that the actions not only created an unreasonable risk of harm to another, but involved a high degree of probability that such harm would actually result.

■ The complaint in this case does not allege any willful or wanton conduct by the County and no breach of the duty owed to a trespasser. Thus, the County's argument to affirm the summary judgment because the claims in the complaint are based entirely on allegations of negligence and attractive nuisance is well placed.

It has been the rule in Idaho that "issues considered on summary judgment are those raised by the pleadings." The facts of this case show that the issue of defamation has in no way been raised by the pleadings; there is nothing within the pleadings which can fairly be viewed as adequately giving notice of the claim. We accordingly decline to rule on this claim at this late date. (Citations omitted.)

*Gardner v. Evans,* 110 Idaho 925, 939, 719 P.2d 1185, 1199 (1986), *cert. denied* 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986). A cause of action not raised in a party's pleadings[2] may not be considered on summary judgment nor may it be considered for the first time on appeal. *Beco Const. Co. v. City of Idaho Falls,* 124 Idaho 859, 865, 865 P.2d 950, 956 (1993). *See also Peterson v. Romine,* 131 Idaho 537, 541, 960 P.2d 1266, 1270 (1998) (Landowner's motion for summary judgment granted on the grounds that plaintiff was a trespasser and that she had not alleged that the Landowners committed any wanton or willful acts which caused her injuries). *See also Corey v. State,* 108 Idaho 921, 703 P.2d 685 (1985) (Where the only allegation of fault contained in appellants' complaint was that, "The State of Idaho installed and maintained said cable negligently and failed to warn of its presence," the issue of whether the statute would absolve a landowner from liability for intentional or willful conduct was not properly before the Court on review of the summary judgment in favor of the State.). *See also Pullin v. City of Kimberly,* 100 Idaho 34, 592 P.2d 849 (1979) (held that the district court correctly granted summary judgment and did not consider other theories upon which the Pullins could have based their claim of ownership, when the allegations in the complaint only made a general allegation of ownership). *Cf. Jacobsen v. City of Rathdrum,* 115 Idaho 266, 270, 766 P.2d 736, 740 (1988) (Here, willful and wanton maintenance by the city of a dangerous condition in the park has been alleged.).

The plaintiffs argue that the wanton and willful standard was litigated at the summary judgment hearing, and they contend that the County has not asserted that it has been prejudiced by the allegedly defective pleading. The plaintiffs cite to the rule that where issues not raised by the pleadings are either expressly or impliedly tried, the district court has discretion to decide those issues and to permit the pleading party to amend its pleadings to conform to the proof offered at trial. See I.R.C.P. 15(b). However, I.R.C.P. 15(b) has been held to apply only to unpled theories that are litigated at a trial on the merits, and not to factual issues raised in a motion for summary judgment. *Estes v. Barry,* 132 Idaho 82, 967 P.2d 284 (1998).

■ "[A] defect in pleading may be corrected so that denial of summary judgment sought by the movant will result, but on the opposing party's failure to make the necessary correction, the movant is entitled to judgment in his favor." 5 Am.Jur. TRIALS § 5 p. 105 (1966). The O'Guins had ample opportunity to raise a claim premised on willful or wanton conduct, but failed to do so. Summary judgment in favor of the County on this claim was not in error.

*4. The plaintiffs' statutory claims were improperly dismissed on summary judgment.*

■ Following the hearing on the motion for summary judgment, the district court in its initial decision ruled on the O'Guins' negligence *per se* claims relative to the defendant's alleged breach of statutory and regulatory duties concerning the landfill. The district court first determined that the claims

---

**2.** I.R.C.P. 7(a) limits "pleadings" to a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third party answer, and a reply to an answer or a third party answer, if the court allows; motions are not included in the list of pleadings allowed.

*O'Neil v. Schuckardt,* 116 Idaho 507, 777 P.2d 729 (1989). In this case, the plaintiffs did not assert in their pleadings that the County breached a duty to refrain from willful and wanton conduct.

were adequately pled in the plaintiffs' complaint, then proceeded to analyze whether the defendants' alleged breach of I.C. § 39–7401 and IDAPA 58.01.06.005 and 58.01.06.006 of the Solid Waste Management Rules and Standards satisfied the criteria for negligence *per se*. Specifically, the district court considered if the four elements of the plaintiffs' negligence *per se* claim were sufficiently established to show the existence of a genuine issue of material fact to avoid summary judgment:

> (1) the statute or regulation must clearly define the required standard of conduct; (2) the statute or regulation must have been intended to prevent the type of harm the defendant's act or omission caused; (3) the plaintiff must be a member of the class of persons the statute or regulation was designed to protect; and (4) the violation must have been the proximate cause of the injury.

Concluding that there remained genuine factual issues on the questions of breach and damages, the district court denied summary judgment. On reconsideration, however, the district court failed altogether to address the negligence *per se* claims. Accordingly, we remand the matter to the district court to decide whether the defendants are entitled to summary judgment on these claims.

*5. Frank Jr.'s claims were properly dismissed on summary judgment for lack of standing.*

The wrongful death claim asserted by Frank, Jr., was based entirely on allegations of the County's negligence in maintaining an attractive nuisance (the landfill). Frank, Jr., sought to recover for the loss of consortium of his two brothers and for mental and physical anguish caused by his brothers' untimely and horrible death.

■ When the death of a person is caused by the wrongful act or neglect of another, his or her heirs may maintain an action for damages against the person causing the death. I.C. § 5–311(1). The question of Frank, Jr.'s standing to bring a wrongful death claim turns on whether he qualifies as an "heir" under the statutes.

■ As a brother to the decedents, Frank, Jr., falls within the definition of an "heir," provided he was "partly or wholly dependent on the decedent for support or services." I.C. § 5–311(2)(b). " 'Support' includes contributions in kind as well as money." I.C. § 5–311(2)(b)(1). Dependency is a prerequisite to suit, and loss of support has been viewed as a measure of damages. *See Pfau v. Comair Holdings, Inc.,* 135 Idaho 152, 155–56, 15 P.3d 1160, 1163–64 (2000). The "support" envisioned by the statute includes contributions in kind as well as money. I.C. § 5–311(2)(b)(1). However, that support, which is clearly in the nature of financial benefit, does not extend to the emotional and social support that Frank, Jr., claimed as damages for the loss of his brothers. We hold that Frank, Jr., does not have standing to recover and we uphold the district court's dismissal of his claim, although not on the ground of mootness.

## CONCLUSION

We affirm the summary judgment on the attractive nuisance claim and the common law negligence claims asserted by the plaintiffs. As to whether summary judgment on the statutory and regulatory claims is appropriate, we remand to the district court to enter its determination. In light of the remand, we do not award fees to the County in this appeal. No costs allowed.

Chief Justice TROUT, and Justices SCHROEDER and EISMANN, concur.

Justice KIDWELL, dissenting in part.

The majority affirms summary judgment on the plaintiffs' claim based on an attractive nuisance theory. I would find genuine issues of material fact exist regarding each element of the attractive nuisance claim. Therefore, I respectfully dissent.

In *Nelson ex rel Nelson v. City of Rupert,* this Court stated the elements necessary to sustain an attractive nuisance claim:

> Plaintiff has the burden of proving: (1) A structure/condition existed on the defendant's premises which the defendant knew or should have known in the exercise of ordinary care, involved a reasonably fore-

seeable risk of attraction and harm to children; (2) The structure/condition maintained/permitted on the property was peculiarly or unusually attractive to children; (3) The structure/condition was such that the danger was not apparent to immature minds; and (4) The [child] was attracted onto the premises by such structure/condition.

128 Idaho 199, 202, 911 P.2d 1111, 1114 (1996) (citing *Bass v. Quinn–Robbins Co.,* 70 Idaho 308, 312, 216 P.2d 944, 945 (1950)).

The majority states that "the plaintiffs had not established that the boys were attracted onto the landfill property by the open pit or piles of debris. ... We agree with the district court's conclusion that the dangerous condition that caused harm to the boys was discovered only after they had entered the property." Thus, the majority finds that the plaintiffs lacked evidence on the fourth element of attractive nuisance—the child must have been "attracted onto the premises by such structure/condition."

This Court has long debated what attraction or enticement is necessary to sustain a cause of action for attractive nuisance. *See, e.g., Bicandi v. Boise Payette Lumber Co.,* 55 Idaho 543, 555, 44 P.2d 1103, 1108 (1935) (Holden, J., concurring specially); *see also Jacobsen v. City of Rathdrum,* 115 Idaho 266, 276, 766 P.2d 736 (1988) (Bistline, J., concurring and dissenting). While a child must be "attracted onto the premises by such structure/condition," I believe the majority reads this element of attractive nuisance too narrowly. A better interpretation of the requirement that the child be "attracted onto the premises" is found in the Restatement of Torts and Restatement (Second) of Torts. *See, e.g., MacNeil v. Perkins,* 84 Ariz. 74, 324 P.2d 211, 216 (1958). In *MacNeil,* the court, relying on the Restatement of Torts, found that the requirement that a child be "attracted onto the premises by such structure/condition," was satisfied if the:

children *who after entering the land* are attracted into dangerous intermeddling by such a condition maintained by him although they were ignorant of its existence *until after they had entered the land, if he knows or should know that the place is one*

*upon which children are likely to trespass and that the condition is one with which they are likely to meddle.*

*Id.* (citing Restatement of Torts § 339, cmt. (a) (1938)).

The Restatement's approach to enticement need not change the basic elements one must prove to prevail on a claim for attractive nuisance. Instead, it applies the ordinary standard of care to owners of premises that maintain structures or conditions attractive to, and dangerous for, children, but not visible from the boundary of the parcel. Such a landowner should be required to show "reasonable care not to inflict foreseeable harm ..." on the foreseeable trespassing child. Restatement (Second) of Torts § 339 cmt. (b) (1965). Applying the doctrine of attractive nuisance in this fashion would acknowledge that the basic premise of tort liability is the principal that individuals should use reasonable care to avoid foreseeable harm, not attraction onto premises. If it is foreseeable that a child will trespass on premises, and it is foreseeable that such a child will be attracted to a dangerous structure or condition "just as certainly as a fish is attracted to and mechanically follows a bait," then a landowner should be required to show reasonable care to prevent injury to the child. Such reasonable care may be shown by preventing the initial trespass or by making safe the dangerous condition. *Bicandi,* 55 Idaho at 556, 44 P.2d at 1108 (Holden, J., concurring specially).

This Court has repeatedly rejected the call to apply the concept of foreseeability in the attractive nuisance setting. *See Hughes ex rel Hughes v. Union Pac. R. Co.,* 114 Idaho 466, 468–69, 757 P.2d 1185, 1187–88 (1988); *Bicandi,* 55 Idaho at 551–52, 44 P.2d at 1106; *see also Ambrose ex rel Ambrose v. Buhl Joint Sch. Dist. No. 412,* 126 Idaho 581, 585, 887 P.2d 1088, 1092 (Ct.App.1994). I, however, see no reason to continue placing attraction or enticement as a bar to recovery for foreseeable injury which would have been prevented through the use of reasonable care.

Based on the record in this case, I would find that genuine issues of material fact exist regarding whether the county knew that chil-

dren were likely to trespass upon the old landfill and whether the structure or condition in the new landfill was one with which children were likely to meddle. Thus, I would vacate summary judgment on the attractive nuisance claim and remand this case for further proceedings.