## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 32543

MOTHER DOE, on her own behalf and on behalf of her minor daughter, JANE DOE; GUARDIAN ROE, on her own behalf and on behalf of the minor JOHN ROE, for whom she is legal guardian,

Plaintiffs-Appellants,

v.

THE CITY OF ELK RIVER, a municipal corporation,

Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Moscow, April 2007 Term

2007 Opinion No. 75

Filed: May 9, 2007

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Second Judicial District of the State of Idaho, Clearwater County. Honorable John H. Bradbury, District Judge.

The decision of the district court is affirmed.

Mabbutt & Mumford, Moscow, for appellants. Mark Mumford argued.

Clements, Brown & McNichols, Lewiston, for respondent. Sonyalee R. Nutsch argued.

_____

SCHROEDER, Chief Justice.

This is an appeal from a grant of summary judgment for City of Elk River on a claim of attractive nuisance.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

The City of Elk River maintains an unlocked storage shed in the breezeway behind City Hall. Jane Doe ("Doe"), a five-year-old girl, and John Roe ("Roe"), an eight-year-old boy, lived nearby. On the morning of June 18, 2004, Doe and Roe entered the shed with fourteen-year-old

Charles Wetherell to play the "tape game." Inside the shed, Wetherell taped the children to chairs and sexually assaulted Doe while Roe was forced to watch.

The children and their guardians sued the city on a theory of attractive nuisance, alleging that the incident would not have happened but for the city's negligence in leaving the shed open to children. The city moved for summary judgment, arguing that the essential elements of an attractive nuisance claim were not met. The district court granted the motion, holding that the complaint failed as a matter of law because there was nothing hazardous about the shed, Wetherell was an independent cause of the injuries, and the children were not attracted onto the premises by the shed. On appeal the plaintiffs argue that the city failed to prove there was no dispute as to the facts, that the district court applied the wrong legal standard for an attractive nuisance claim, and that the plaintiffs, rather than the city, should be granted summary judgment.

## II.
## STANDARD OF REVIEW

In an appeal from a grant of summary judgment, this Court's standard of review is the same as the district court's standard in ruling upon the motion. *Sherer v. Pocatello Sch. Dist. No. 25*, 143 Idaho 486, 489, 148 P.3d 1232, 1235 (2006).[1] Summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). The moving party is entitled to a judgment when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." *Baxter v. Craney*, 135 Idaho 166, 170, 16 P.3d 263, 267 (2000). For purposes of summary judgment, the evidence is construed liberally and all reasonable inferences are drawn in favor of the nonmoving party. *O'Guin v. Bingham County*, 139 Idaho 9, 13, 72 P.3d 849, 853 (2003). This Court exercises free review in determining whether a genuine issue of material fact exists and whether the prevailing party was entitled to judgment as a matter of law. *Andersen v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 745-46, 118 P.3d 75, 77-78 (2005).

---

[1] At oral argument the district court misstated the standard for reviewing a motion for summary judgment. However, there were no disputes of material fact and the misstatement had no effect on the outcome.

### III.
## THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT

### A. There are no disputed issues of fact.

The city indicated in its motion for summary judgment that the plaintiffs' factual allegations would be assumed to be true for purposes of the motion. The basis of the motion was that the facts alleged by the plaintiffs, even if true, failed to establish the elements of an attractive nuisance claim. The plaintiffs cite numerous cases for the proposition that the burden is on the moving party to establish that there are no genuine issues of material fact and argue that summary judgment was improper because the city did not present evidence to prove that there was no issue of material fact. The city conceded the truth of the facts alleged by the plaintiffs. Consequently there is no material fact in dispute.

### B. The elements of attractive nuisance do not exist.

In order to meet the elements of an attractive nuisance claim a plaintiff must prove:

(1) a structure/condition on the defendant's premises which the defendant knew or should have known in the exercise of due care, involved a reasonable risk of attraction and harm to children; (2) the structure or condition maintained or permitted on the property was peculiarly or unusually attractive to children; (3) the structure/condition was such that the danger was not apparent to immature minds; and (4) the plaintiff was attracted onto the premises by such structure/condition.

*O'Guin v. Bingham County*, 139 Idaho 9, 14, 72 P.3d 849, 854 (2003); *Nelson v. City of Rupert*, 128 Idaho 199, 202, 911 P.2d 1111, 1114 (1996); *Hughes v. Union Pac. R. Co.*, 114 Idaho 466, 468-69, 757 P.2d 1185, 1187-88 (1988). If any one of these elements is not established, the attractive nuisance claim fails. *O'Guin*, 139 Idaho at 14, 72 P.3d at 854.

The district court ruled from the bench that the claim failed because the shed itself was not dangerous and did not cause the injury. The district court was correct in its analysis. The shed was not dangerous; it did not cause the injury. The children were not attracted to the premises by the condition or the structure. They were lured there by Wetherell.

### IV.
## ATTORNEY FEES ARE AWARDED PURSUANT TO I.A.R. 11.1

An attorney's signature on a brief or notice of appeal certifies that, among other things, "it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper

3

purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." I.A.R. 11.1. In determining what sanction is appropriate under the rule, the Court has declared that a lack of legal or factual grounds for an appeal, alone, is generally not enough to support an award of attorney fees without a showing that the appeal was brought for an improper purpose. *Shriner v. Rausch*, 141 Idaho 228, 232, 108 P.3d 375, 379 (2005) (citing *Painter v. Potlatch Corp.*, 138 Idaho 309, 315, 63 P.3d 435, 441 (2003)).

This case lacks any reasonable basis in fact or clearly defined law. Improper purpose may be inferred, particularly in light of the district court's repeated explanations of the lawsuit's failings. Attorney fees against counsel for prosecuting this appeal are appropriate.

## V.
## CONCLUSION

The district court decision is affirmed. The city is awarded costs, including reasonable attorney fees pursuant to I.A.R. 11.1 against appellants' counsel.


Justices, TROUT, EISMANN, BURDICK and JONES **CONCUR**.