172 P.3d 1104

Veronica GLAZE and Viola Ralston, Petitioners–Appellants,

v.

James DEFFENBAUGH, Respondent.

No. 33303.

Supreme Court of Idaho, Coeur d'Alene, September 2007 Term.

Nov. 27, 2007.

Monica Brennan, Coeur d'Alene, for appellants.

Murphy, Bantz & Bury, P.S., Spokane, Washington, and Mark J. Harris, Spokane, Washington, for respondent. Lisa Dickinson and Mark Harris argued.

J. JONES, Justice.

Veronica Glaze and Viola Ralston sued their father, Respondent James Deffenbaugh, for civil damages stemming from allegations that he sexually molested them as children. The district court granted summary judgment to Deffenbaugh on all claims. We affirm.

## I.

In 1973, James and Sharon Deffenbaugh adopted Veronica Glaze and Viola Ralston ("the daughters") in California when Glaze was ten and Ralston nine. The daughters allege that Deffenbaugh began molesting them in 1974 or 1975 and that the molestation ended in 1979, sometime after the family moved to Idaho. The daughters maintain that Deffenbaugh concealed his abuse of each daughter from the other. Neither sister knew that Deffenbaugh molested the other until August 2003, when the sisters finally disclosed the long-ago abuse to each other. The daughters assert that Deffenbaugh admitted the abuse to them in November 2003. On that basis, they sued Deffenbaugh in October 2005 on claims of lewd conduct, negligence, fraud, and emotional distress. They sought compensatory and punitive damages.

In March 2006, Deffenbaugh moved to dismiss the complaint for failure to state a claim upon which relief could be granted or, alternatively, to strike the descriptions of the alleged abuse contained in the complaint. I.R.C.P. 12(b)(6), 12(f). The daughters submitted affidavits setting out their abuse allegations along with their response to the motion to dismiss, so the district court treated it as a summary judgment motion. I.R.C.P. 12(b). In a bench ruling, the district court denied Deffenbaugh's motion to strike because it was untimely. However, the daughters' claims fared no better. The district court dismissed the lewd conduct and negligence claims because the statute of limitations had run. The court found the daughters had failed to allege fraud with the particularity required under I.R.C.P. 9(b) and, even if they had, the statute of limitations had run. Further, the court also found the daughters failed to allege a claim that would permit recovery of damages for emotional distress. Finally, the district court struck the sisters' request for punitive damages since it was improperly pleaded in the complaint.

## II.

The question presented here is whether the district court properly dismissed the daughters' claims on summary judgment. We affirm.

### A.

Deffenbaugh moved the district court to dismiss the case for failure to state a claim upon which relief could be granted. The district court, however, considered the daughters' affidavits in reaching its decision, and thus the motion to dismiss pursuant to I.R.C.P. 12(b)(6) must be "treated as one for summary judgment and disposed of as provided in Rule 56." *Goodman v. Lothrop,* 143 Idaho 622, 626, 151 P.3d 818, 822 (2007) (quoting I.R.C.P. 12(b)).

This Court applies the same standard as the district court when reviewing a summary judgment order. *Mannos v. Moss,* 143 Idaho 927, 931, 155 P.3d 1166, 1170 (2007). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court construes the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Finholt v. Cresto,* 143 Idaho 894, 896, 155 P.3d 695, 697 (2007). If there is no genuine issue of material fact, this Court exercises free review over the remaining questions of law. *Mannos,* 143 Idaho at 931, 155 P.3d at 1170.

## B.

■ The daughters contend the district court erred in dismissing their lewd conduct and negligence claims pursuant to the statutes of limitation in I.C. § 5–219 (two years), and I.C. § 6–1701 (within five years of the aggrieved child reaching eighteen). They argue the statute of limitations has not run because of Deffenbaugh's "continuing acts," namely his efforts to conceal his abuse of one daughter from the other. Deffenbaugh contends that the two-year statute of limitations is clearly applicable to these claims.

■ I.C. § 5–219 provides a two-year statute of limitations for actions seeking compensation for battery. The daughters seek civil damages for rape. Idaho does not recognize a tort of rape, so victims seeking civil remedies must pursue more general tort causes of action, such as battery or assault. *See* Ellen M. Bublick, *Tort Suits Filed By Rape and Sexual Assault Victims In Civil Courts: Lessons For Courts, Classrooms and Constituencies,* 59 S.M.U. L.Rev. 55, 71 (2006). This Court recognizes that sexual abuse constitutes battery. *Bonner v. Roman Catholic Diocese of Boise,* 128 Idaho 351, 352, 913 P.2d 567, 568 (1996). Further, rape is inherently a battery. *See Neal v. Neal,* 125 Idaho 617, 622, 873 P.2d 871, 876 (1994) (civil battery is intentional, unpermitted contact upon another person which is either unlawful, harmful or offensive). A cause of action for a battery accrues when the wrongdoing occurs, not when it is discovered. I.C. § 5–219(5); *Wing v. Martin,* 107 Idaho 267, 270, 688 P.2d 1172, 1175 (1984). The statute of limitations for battery is two years. Thus, we are more than 25 years beyond the date when the daughters could have pursued these claims. And, it is obvious that the extended statute of limitations in I.C. § 6–1704 would have afforded them no relief, even if it had been in effect in 1979.

Counsel for the daughters argued that they are entitled to the fraudulent concealment exception in I.C. § 5–219(4) because the parties were in a parent-child relationship and because Deffenbaugh concealed his alleged molestation of each daughter from the other. It is asserted that the concealment ended only in 2003 when each daughter learned that the other had been molested and Deffenbaugh purportedly admitted to the molestation. This contention is without merit. I.C. § 5–219(4) applies to professional malpractice claims, not claims of the nature alleged in this case. Even then, the fraudulent concealment must be concealment practiced upon the injured party, not upon a third party.

■ The daughters further claim that because in 2006 the Legislature removed the statute of limitations for criminal charges for rape and lewd conduct with a minor, the Legislature must have intended the same for civil remedies. *See* I.C. § 19–401(3), (4). This Court assumes the Legislature means what it says in a statute unless the result is "palpably absurd." *In re Est. of Miller,* 143 Idaho 565, 567, 149 P.3d 840, 842 (2006); *see also Bainbridge v. Boise Cascade Plywood Mill,* 111 Idaho 79, 82, 721 P.2d 179, 182 (1986) (statutes of limitations are "clearly creatures of legislative enactment" and this Court will not usurp a clear legislative prerogative). The Legislature unambiguously retained the statute of limitations for civil battery actions, but not for criminal prosecutions involving specified sexual batteries. Given the differing goals behind criminal and civil law, that result is not palpably absurd. The alleged abuse ended in 1979. No legal authority tolls the statute from then until 2005, so the district court properly granted summary judgment on the daughters' lewd conduct claim. And, although it is not clear that the daughters have alleged a cognizable negligence claim, it too would be untimely.

The district court properly granted summary judgment to Deffenbaugh on the basis that the daughters failed to bring their action within the limitations period. While Glaze and Ralston may have suffered a grievous wrong at the hands of their father, their attorney has furnished no legally sufficient reason to extend or decline to apply any applicable statute of limitations.

## C.

■ The district court also properly granted summary judgment on the daughters' fraud claims. The district court determined

they had failed to plead the claim with the particularity required by I.R.C.P. 9(b); *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 239, 108 P.3d 380, 386 (2005).

The daughters' fraud argument hinges on the theory that Deffenbaugh concealed his abuse of the sisters from each other for 24 years. They claim this concealment constituted fraud, negligent dereliction of parental duties, and emotional distress, all of which continued until Deffenbaugh confessed the abuse in November 2003.[1] They assert their complaint should have survived summary judgment because they raised issues of material fact in affidavits they submitted to the court. Deffenbaugh argues that the cause of action for fraud was not pleaded with particularity so the district court rightly dismissed it. He also contends the continuing tort doctrine is inapplicable and does not toll the statute of limitations.

In their complaint, the daughters alleged their fraud claim in full as follows:

At the time of the previously described acts, the Defendant fraudulently concealed said acts. Moreover, the Defendant fraudulently concealed said acts for over twenty years. The fraud was disclosed in a telephone conversation with the Plaintiffs and other relatives on or about November 1, 2003. The Defendant admitted these acts on said day.

The district court properly dismissed their fraud claim. Fraud must be pleaded with particularity. That is, the alleging party must specify what factual circumstances constituted the fraud. I.R.C.P. 9(b); *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 239, 108 P.3d 380, 386 (2005). A party must establish nine elements to prove fraud: "1) a statement or a representation of fact; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity; 5) the speaker's intent that there be reliance; 6) the hearer's ignorance of the falsity of the statement; 7) reliance by the hearer; 8) justifiable reliance; and 9) resultant injury." *Mannos*, 143 Idaho at 931, 155 P.3d at 1170. The daughters do

not plead any false representations by Deffenbaugh rendering the fraud claim fatally defective. The district court properly observed that the fraud claim would in any event be barred by the statute of limitations. I.C. § 5–218(4).

### D.

The daughters' emotional distress claim is similarly without merit. They claim their ongoing relationship with Deffenbaugh and his concealment of his past acts injured them through November 2003. They liken their case to *Curtis v. Firth*, 123 Idaho 598, 850 P.2d 749 (1993). In *Curtis*, Firth brought suit against her ex-boyfriend for battery and intentional infliction of emotional distress, which had continued over at least eight years. *Id.* at 601–04, 850 P.2d at 752–55. Curtis argued that he should have received a jury instruction on the statute of limitations for intentional infliction of emotional distress. The district court declined to give the instruction because the claim was for a continuing tort. *Id.* at 601, 850 P.2d at 752. This Court defined a continuing tort as "one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action." *Id.* at 603, 850 P.2d at 754 (quoting 54 C.J.S. *Limitations of Actions*, § 177 at 231 (1987)). When the tortious conduct ends, the limitations period begins. *Id.* In *Curtis*, the tortious conduct ended in 1988 and Firth filed suit shortly after, within the limitations period. *Id.* at 604, 850 P.2d at 755. In contrast, Glaze and Ralston cannot establish a continuing tort. The wrongful acts alleged to have been committed against them by Deffenbaugh ceased in 1979. The daughters present no authority for the proposition that silence or concealment under these circumstances constitutes a wrongful act giving rise to a continuing claim for intentional infliction of emotional distress.

### III.

Deffenbaugh requests attorney fees on appeal pursuant to I.C. § 12–121, as

---

1. Glaze and Ralston raise the issue of negligent dereliction of Deffenbaugh's parental duties for the first time on appeal. This Court will not

consider issues raised for the first time on appeal. *Barbee v. WMA Secs., Inc.*, 143 Idaho 391, 397, 146 P.3d 657, 663 (2006).

well as sanctions against the daughters' counsel pursuant to Idaho App. R. 11.1. It is appropriate to consider the request under the latter provision since most of the conduct at issue was within the tactical control of the daughters' counsel. Rule 11.1 provides:

> The signature of an attorney or party constitutes a certificate that the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In determining whether sanctions are appropriate under the rule, the Court has declared that a lack of legal or factual grounds for an appeal, alone, is generally not enough to support an award of attorney fees without a showing that the appeal was brought for an improper purpose. Improper purpose may be inferred where an appeal is brought after the district court has advised counsel of the lawsuit's substantial failings. *Doe v. City of Elk River*, 144 Idaho 337, 339, 160 P.3d 1272, 1274 (2007). Such is the case here. The district court carefully pointed out the glaring problems with the various claims but counsel nevertheless pursued this appeal.

This case was not factually or legally grounded. The daughters' counsel failed to comply with basic requirements for pleading and offered, at best, implausible theories for the court to consider. While her clients' plight is tragic, counsel did not serve her clients well by pursuing an appeal where the asserted claims were so clearly time barred and without legal foundation. On that basis, we impose Rule 11.1 sanctions upon her.

## IV.

We affirm the district court's decision to grant summary judgment to Deffenbaugh. He is awarded his costs. We also impose sanctions in the form of attorney fees on counsel for Glaze and Ralston.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and Justice Pro Tem TROUT concur.

