**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38646**

| | |
|---|---|
| KELLY COLE, | )    2011 Unpublished Opinion No. 683 |
| | ) |
|      Plaintiff-Appellant, | )    Filed: November 2, 2011 |
| | ) |
| v. | )    Stephen W. Kenyon, Clerk |
| | ) |
| DAVID POSEY, | )    THIS IS AN UNPUBLISHED |
| | )    OPINION AND SHALL NOT |
|      Defendant-Respondent. | )    BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order dismissing complaint for legal malpractice, <u>affirmed</u>.

Kelly Cole, Council, pro se appellant.

David Posey, Payette, pro se respondent.

_____

MELANSON, Judge

In this legal malpractice case, Kelly Cole argues that the district court incorrectly applied the statute of limitations under Idaho Code Section 5-219(4) and, therefore, improperly granted a motion to dismiss Cole's complaint. For the reasons set forth below, we affirm.

In July 2004, Cole was charged with two misdemeanors--domestic battery and resisting and obstructing officers. In May 2006, David Posey was appointed to represent Cole. At trial on August 30, 2006, Cole was found guilty of resisting and obstructing officers. Cole appealed. This Court affirmed Cole's judgment of conviction on August 25, 2008.

On August 24, 2010, Cole filed a complaint alleging that Posey was negligent in defending Cole at trial in 2006 and that such malpractice caused Cole's conviction. Posey apparently filed a motion to dismiss[1] Cole's complaint on the ground that it was barred by I.C. § 5-219(4), which states that actions claiming legal malpractice must be commenced within two

_____

[1]    This document is not contained in the record on appeal. Cole, Posey, the district court, and the record of action refer to it as a motion to dismiss and we will refer to it as such.

years following the occurrence, act, or omission complained of. In January 2011, Cole filed a response to the motion to dismiss. In that response, Cole asserted that his complaint was timely based on a new claim (not asserted in his complaint) that his cause of action accrued on October 6, 2008, when Posey failed to file a petition for review with the Idaho Supreme Court, as Cole allegedly requested, within forty-two days of this Court's decision affirming Cole's judgment of conviction on August 25, 2008.

At the hearing on the motion to dismiss, the district court found that Cole had not articulated any damage resulting from Posey's failure to file a petition for review. As such, the district court determined that Cole's only damage occurred, and his cause of action accrued, when he was found guilty at trial on August 30, 2006. Therefore, the district court dismissed Cole's August 24, 2010, complaint because it was barred by the two-year statute of limitations under I.C. § 5-219(4). Cole appeals.

Cole argues that the district court incorrectly applied the statute of limitations under I.C. § 5-219(4) and improperly dismissed his complaint. Specifically, Cole asserts that his August 24, 2010, complaint was timely because his cause of action against Posey for legal malpractice accrued on October 6, 2008, and not at trial on August 30, 2006, as the district court found.

We first note that I.R.C.P. 7(a) provides, with respect to pleadings:

> There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14 and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Importantly, a cause of action not raised in the pleadings may not be raised on appeal, even if the trial court considered the issue. *Nelson v. Big Lost River Irrigation Dist.*, 148 Idaho 157, 160, 219 P.3d 804, 807 (2009); *O'Guin v. Bingham Cnty.*, 139 Idaho 9, 15, 72 P.3d 849, 855 (2003). Pro se litigants are held to the same standards as those litigants represented by counsel. *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *See id.*

2

We agree with the district court that Cole's damage, if any, occurred, and his cause of action accrued, at trial on August 30, 2006, when Cole was found guilty of resisting and obstructing officers. A cause of action for professional malpractice may arise if the alleged act or omission occurred in the course of performing professional services. *Lapham v. Stewart*, 137 Idaho 582, 588, 51 P.3d 396, 402 (2002). The applicable statute of limitations for professional malpractice is two years. I.C. § 5-219(4). An action to recover damages for professional malpractice must be commenced within two years after the cause of action accrues. *City of McCall v. Buxton*, 146 Idaho 656, 659, 201 P.3d 629, 632 (2009). Except for actions based upon leaving a foreign object in a person's body or where the fact of damage has been fraudulently and knowingly concealed, a cause of action for professional malpractice accrues as of the time of the occurrence, act, or omission of which a party complains. *Lapham*, 137 Idaho at 585-86, 51 P.3d at 399-400. However, a cause of action for professional malpractice cannot accrue until some damage has occurred. *Buxton*, 146 Idaho at 659, 201 P.3d at 632. The "some damage" referred to is damage that the client could recover from the professional for malpractice. In addition, there must be objective proof that would support the existence of some actual damage. *Id*. at 661, 201 P.3d at 634. The outcome of the litigation provides objective proof of some actual damage--a court decision adverse to the client because of an attorney's alleged malpractice. *Id*. at 661-63, 201 P.3d at 634-36. Cole suffered some damage on August 30 when he was convicted and sentenced. The accrual of his cause of action, based on an adverse trial outcome, was not delayed by the appeal process. *See Fairway Dev. Co. v. Petersen, Moss, Olsen, Meacham & Carr*, 124 Idaho 866, 869, 980 P.2d 957, 960 (1993).

The district court's order dismissing Cole's complaint because it was barred by the two-year statute of limitations under I.C. § 5-219(4) is affirmed. As the prevailing party, costs on appeal are awarded to Posey.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**

3